# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KRISTOFFER MORRIS,**

    Petitioner,

v.

**PHILIP KERNS, Warden,**

    Respondent.

CASE NO. 2:08-cv-1176
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On July 20, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's request for a stay be denied, and the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner thereafter filed a request for voluntary dismissal of his habeas corpus petition without prejudice to exhaust state court remedies. Doc. No. 17. Because the statute of limitations may bar petitioner from re-filing his habeas corpus petition, petitioner was directed to advise the Court if withdrawal of the petition remained his intention. *See* Doc. No. 18. Petitioner now has filed objections to the Magistrate Judge's *Report and Recommendation*, and a request for the appointment of counsel. For the reasons that follow, petitioner's objections are **OVERRULED**. The Magistrate Judge's recommendation of denial of petitioner's request for a stay is **ADOPTED** and **AFFIRMED**. Petitioner's request for dismissal without prejudice for failure to exhaust state court remedies, *see Objections*, Doc. No. 17, hereby is **GRANTED**. This action is hereby **DISMISSED** without prejudice as unexhausted. Petitioner's request for the appointment of counsel, Doc. No. 19, is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of denial of his request for a

stay. Petitioner contends that *Rhines v. Weber*, 544 U.S. 269 (2005), is inapplicable to this case because he did not file a mixed petition, but merely requests to amend his petition to include an unexhausted claim upon exhausting state court remedies. He further contends that the Magistrate Judge unfairly recommended denial of his request for a stay in view of other cases wherein the Court has granted a request for a stay. *See Objections*. Additionally, petitioner argues that he has established cause for his failure to exhaust state court remedies, and that his unexhausted claim is potentially meritorious within the meaning of *Rhines v. Weber, supra.* Finally, petitioner complains that he had no opportunity to file a response to respondent's Return of Writ prior to recommendation of dismissal of his claims. He objects to the Magistrate Judge's denial of his motion to strike the Return of Writ. Petitioner, however, requests dismissal of this action without prejudice in lieu of dismissal on the merits of his claims. *See Objections*.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation.* This Court agrees that, regardless of whether petitioner included his unexhausted claim in his petition, *Rhines v. Weber* applies to determine whether a stay is warranted. Further, for the reasons detailed by the Magistrate Judge, this Court likewise concludes that petitioner has failed to establish either good cause for waiting until February 27, 2009, to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), or that his unexhausted claim of ineffective assistance of appellate counsel is potentially meritorious.

Petitioner again contends that he has been diagnosed as "seriously mentally ill" under a "C-1 standard" by the Department of Corrections, and that he thereby has established cause for failing to exhaust state court remedies as to his claims. *Objections,* at 15. However, as discussed by the Magistrate Judge, despite petitioner's argument to the contrary, nothing in the record supports his

2

claim that his mental health issues or illness prevented him from pursuing state court action.[1] To the contrary, petitioner executed the instant habeas corpus petition on November 10, 2008. On January 21, 2009, he filed a motion to stay. On February 17, 2009, he filed a response to respondent's opposition to his request for a stay, yet he waited until February 27, 2009, to file his delayed Rule 26(B) application in the state appellate court. Further, while the state appellate court may grant a delayed Rule 26(B) application upon a showing of good cause for the untimely filing, see Ohio Appellate Rule 26(B)(2)(b), it does not appear that petitioner can meet this standard here.

Therefore, for the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections to the Magistrate Judge's recommendation of denial of his request for a stay are **OVERRULED**. Petitioner's request for dismissal of this action as unexhausted, in lieu of dismissal of his claims on the merits is **GRANTED**, thereby rendering the remainder of petitioner's objections moot.

The Magistrate Judge's recommendation of denial of petitioner's request for a stay is **ADOPTED** and **AFFIRMED.** Petitioner's objections are **OVERRULED**. Petitioner's request for dismissal without prejudice for failure to exhaust state court remedies, *see Objections*, Doc. No. 17, hereby is **GRANTED**. This action is hereby **DISMISSED.** Petitioner's request for the appointment of counsel, Doc. No. 19, is **DENIED**.

---

[1] Petitioner has attached exhibits indicating that the prison has classified him with a mental health of "C1." *See Exhibit A to Supplement to Motion for a Stay*, Doc. No. 9. However, it is unclear from the record whether petitioner has been classified as a "C1 categorical" or a "C1 functional." *See Exhibit B to Return of Writ*. Further, the copy of the document attached to petitioner's supplemental motion for a stay which appears to contain information regarding such classifications is difficult to read. *See id.*

**IT IS SO ORDERED.**

                                                                S/James L. Graham  
                                                                James L. Graham  
                                                                United States District Judge

Date: September 2, 2009